UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>-v-<br><br>CHARLES SAYEGH,<br><br>    Defendant. | 20-cr-613 (JSR)<br><br>MEMORANDUM ORDER |

JED S. RAKOFF, U.S.D.J.:

  Mr. Sayegh pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 and was sentenced to a prison term of twelve months and one day. On September 14, 2023, Mr. Sayegh filed a motion for a sentence reduction under 18 U.S.C. § 3582. See Def. Mot., ECF No. 89. Mr. Sayegh requests that the Court permit him to serve the remainder of his sentence under home confinement because of excruciating back pain and related medical issues that has worsened during his term of imprisonment. After consideration of the parties' written submissions, the Court hereby grants defendant's motion for a sentence reduction and modification. The Court orders that Mr. Sayegh should immediately be released to home confinement, where he should remain until March 1, 2024.

  **I. Background**

  On November 17, 2020, Mr. Sayegh and his co-defendant, Michael Colello, were indicted for conspiracy to commit wire fraud and aggravated identity theft. See Sealed Indictment, ECF No. 1. Mr. Sayegh, with other co-conspirators, defrauded a small oil and gas

1

company, and Mr. Sayegh personally received $372,575 in ill-gotten funds. See Gov't Opp'n, at 1, ECF No. 90. On September 14, 2022, Mr. Sayegh pled guilty to conspiracy to commit wire fraud. See 9/14/22 Tr. at 7:8-16, 11:9-22, 13:8-11, ECF No. 48. On February 24, 2023, the Court sentenced Mr. Sayegh to twelve months and one day in jail and one year of supervised release. 2/24/23 Tr. at 21:12-22:2, ECF No. 61. The Court also imposed restitution of $1,906,000 and forfeiture of $372,575. See Judgment, ECF No. 60. On May 25, 2023, Mr. Sayegh surrendered. See 4/21/23 Order, ECF No. 64. According to representations from the Bureau of Prisons, Mr. Sayegh is scheduled to be released to a residential reentry center in December 2023. Gov't Opp'n, at 3. Mr. Sayegh was otherwise slated to be released from prison on March 1, 2024. Def. Mot., at 1.

At the time of Mr. Sayegh's sentencing, the Court was aware that Mr. Sayegh had spinal fusion surgery in 2009 and suffered from chronic back pain. Def. Sentencing Submission, at 2-4, ECF No. 54. The Court was also made aware that Mr. Sayegh overcame an opioid addiction and thus only takes ibuprofen to manage his back pain. Id. at 3, 5. However, the Court has now learned that within a few days of beginning his prison term, Mr. Sayegh's back pain significantly worsened, in part because of the thin mattress he must sleep on in prison. Def. Mot., at 2. On June 14, 2023, an X-ray revealed "[m]ild to moderate spondylosis" and "multilevel mid to lower lumbar spine facet arthrosis." Def. Mot., Ex. C, at 108. In addition to his excruciating back pain, Mr. Sayegh is experiencing worsening sciatica, which has

rendered his left leg entirely numb. Def. Mot., at 2. The persistent, severe back pain has also caused Mr. Sayegh to have trouble sleeping, despite taking prescription sleep medications. Id. at 2-3. Apparently, the medical treatment Mr. Sayegh is receiving in prison has not ameliorated his persistent pain. Id. at 3. Accordingly, defendant maintains that his worsening medical condition warrants immediate release to home confinement. Id. at 3.

## II. Legal Standard

Under 18 U.S.C. § 3582(c)(1)(A)(i), the Court must "ask four questions: (1) has the defendant complied with the administrative exhaustion requirement, (2) has the defendant shown extraordinary and compelling reasons warranting a sentence reduction, (3) are the 18 U.S.C. § 3553(a) sentencing factors consistent with a lesser sentence than that previously imposed, and (4) is there a particular sentence reduction consistent with the § 3553(a) factors that is also warranted by extraordinary and compelling reasons." Garavito-Garcia v. United States, 544 F. Supp. 3d 484, 488 (S.D.N.Y. 2021).

## III. Discussion

Mr. Sayegh has exhausted his administrative remedies. More than 30 days have lapsed without a response from the warden since Mr. Sayegh's compassionate release motion was filed and transmitted to the warden at the prison where he is housed. See 18 U.S.C. § 3582(c)(1)(A); Def. Mot., at 2; Def. Mot., Ex. A. Accordingly, the Court will consider the merits of his petition.

Mr. Sayegh argues that his severe and worsening back pain (that has not abated with the medical treatment provided in prison) and the resulting insomnia constitute extraordinary and compelling circumstances. As defense counsel eloquently puts it, "jail is not meant to be pleasant[,] [b]ut it should also not be a place where people have to suffer acute and debilitating pain." Def. Reply at 1, ECF No. 91. The Court agrees. Mr. Sayegh's pre-existing back pain appears only to have worsened in prison, resulting in severe back pain, sciatica, and an inability to sleep even with the assistance of medication. Additionally, the medical regimen available in prison appears to be unable to mitigate or ameliorate this consistent pain. This is undoubtedly a serious medical issue warranting the Court's attention.

The Government's arguments in opposition are not persuasive to the Court. In particular, the Government argues that "[t]here is simply nothing extraordinary or compelling about the defendant's unwelcome medical condition at this time, which reflects a long-term state of health that has and will afflict him to a similar degree regardless of whether he is at liberty or incarcerated." Gov't Opp'n, at 4. What the Government overlooks however is that the conditions of confinement themselves, namely, a thin mattress, are a contributing factor to the severe pain and deteriorating health of the defendant. And that those same conditions do not exist outside confinement. At home, Mr. Sayegh has access to a specialized orthopedic mattress and other equipment (such as a muscle stimulator and resistance bands) to alleviate his

back pain. See Def. Reply, at 1. The Court accordingly finds there are extraordinary and compelling circumstances warranting a sentence modification to permit home confinement, where Mr. Sayegh has access to a broader array of treatment options.

Now turning to Section 3553(a) factors, the Court finds that Mr. Sayegh should be released to home confinement immediately and that Mr. Sayegh should remain under home confinement until March 1, 2024. Although the seriousness of Mr. Sayegh's offense remains unchanged, the Court must balance that offense conduct against the deteriorating medical condition of the defendant, which has been in part caused by the conditions of his confinement. In particular, the Court notes that Mr. Sayegh is slated to be released to a residential reentry center by the end of this month (after Mr. Sayegh has served approximately seven months in prison) and was otherwise slated to be released from prison on March 1, 2024 (which would have resulted in a total prison term of a little more than nine months). The Court accordingly is hard pressed to see how any valid sentencing purpose is served by continuing to subject Mr. Sayegh to confinement conditions. Instead of forcing Mr. Sayegh to serve the remainder of his sentence at a residential reentry center (where he still will not have access to all available medical treatments), the Court finds that the Section 3553(a) factors support allowing Mr. Sayegh to immediately serve the remainder of his sentence (which would have otherwise ended on March 1, 2024) under the conditions of home confinement.

Finally, the Court has no problem finding there is a nexus between the Section 3553(a) factors and the extraordinary and compelling circumstances that justify a sentence modification, as is required under the statute. See 18 U.S.C. § 3582(c)(1)(A)(i). Because the Court finds that the severity of Mr. Sayegh's medical conditions (which the conditions of confinement have exacerbated) warrant his release to home confinement where he can have access to better treatment options and the Section 3553(a) factors support release to home confinement immediately, the nexus requirement is satisfied.

IV. **Conclusion**

For the foregoing reasons, Mr. Sayegh's motion for a reduction in sentence is granted, and his sentence is modified to require him to be released to home confinement immediately. Mr. Sayegh must remain in home confinement until March 1, 2024. The other aspects of his sentence remain in full force and effect.

SO ORDERED.

New York, NY
December 20, 2023

JED S. RAKOFF, U.S.D.J.

6